**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 3 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DONIMIC T. BROOKS,

　　　　Plaintiff - Appellant,

　　v.

TODD THOMAS, Warden - Saguaro
Correctional Center; BENJAMIN
GRIEGO, Assistant Warden - Saguaro
Correction Center, named as Ben Griego,

　　　　Defendants - Appellees.

No. 13-17485

D.C. No. 2:13-cv-00485-RCB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted November 18, 2014**

Before:　　LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

　　Donimic T. Brooks, a Hawaii state prisoner, appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

---

　　*　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　**　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging that defendants retaliated against him while he was housed in Arizona. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly concluded that Brooks failed to exhaust his administrative remedies as to the alleged retaliatory removal from the religious program because Brooks did not exhaust his grievance to the final level of review and he did not demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (describing limited circumstances under which administrative remedies are deemed unavailable or exhaustion is excused). Moreover, Brooks failed to exhaust his administrative remedies as to the alleged retaliatory placement in administrative segregation because he did not file a grievance regarding these allegations. *See Woodford*, 548 U.S. at 93-95.

All pending motions are denied.

**AFFIRMED.**